UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60267-LEIBOWITZ/STRAUSS

**ANTONIO BENTO,**

    Plaintiff,

v.

**CONCRETE USA, INC.** *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon the parties' Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal with Prejudice ("Motion"). [DE 66]. The Honorable David S. Leibowitz has referred the matter to me to "determine whether the settlement in this matter is 'a fair and reasonable resolution of a bona fide dispute.'" [DE 67] (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

I have reviewed the Motion and all attachments thereto, including the parties' Fair Labor Standards Act Settlement Agreement and Release ("FLSA Agreement") [DE 66–1]. A court can only approve a stipulated agreement after "scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353. When "scrutinizing the settlement for fairness," the court should consider the following factors: "(1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Cox v. Bluetriton Brands, Inc.*, No. 22-CV-61301, 2022 WL 18231477, at *1 (S.D. Fla. Dec. 19, 2022), *report and*

*recommendation adopted,* 2023 WL 158181 (S.D. Fla. Jan. 11, 2023) (citing *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

After reviewing the terms within the FLSA Agreement, I find that the agreement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." The settled amount would provide Plaintiff with a substantial monetary benefit, there was no collusion between opposing attorneys and parties, the release clause is not too broad and focuses only on Plaintiff's claims asserted in the lawsuit, the nature of the allegations indicate that the litigation would not be simple and would possibly drag out for an extended amount of time, the parties reached their agreement early in the litigation shortly after filing only a single dispositive motion, and the amount set aside for Plaintiff's attorney's fees is not excessive. Therefore, I respectfully **RECOMMEND** that the Motion be **GRANTED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable David S. Leibowitz, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 21st day of January 2025.

Jared M. Strauss
United States Magistrate Judge